NO. 07-09-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2009

______________________________


RAFAEL GARCIA QUINONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,455-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
 
          On May 11, 2009, following a plea of guilty, Appellant, Rafael G. Quinones, was
granted deferred adjudication for possession of a controlled substance and placed on
community supervision for three years. Appellant timely perfected this appeal from the trial
court’s judgment. The Trial Court’s Certification of Defendant’s Right of Appeal, forwarded
to this Court on June 11, 2009, reflects that Appellant does have the right of appeal. No
motion for new trial having been filed, the appellate record was due on July 10, 2009.


 
See Tex. R. App. P. 35.2 (a). 
          Pending before this Court is a request for an extension of time filed by the Potter
County District Clerk in which to file the clerk’s record. As the sole ground for the
extension, the clerk avers that “THERE IS NOT A COURT APPOINTED ATTORNEY
ASSIGNED ON THIS CASE.” The Docketing Statement (Criminal) filed by Appellant
indicates that his appellate counsel is appointed. 
          The trial court clerk is responsible for preparing, certifying, and timely filing the
clerk’s record if: (1) a notice of appeal has been filed, and in criminal proceedings, the trial
court has certified the defendant’s right of appeal; and, (2) the party responsible for paying
for the preparation of the clerk’s record has paid the clerk’s fee, has made satisfactory
arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee. 
See Tex. R. App. P. 35.3 (a). From the limited record before us, we are unable to
determine whether Appellant has satisfied the second requirement of Rule 35.3(a). 
Although the basis of the clerk’s request for an extension of time does not state an
adequate ground for relief,


 we will interpret the same as requesting an extension based
upon the failure of Appellant’s appellate counsel to make adequate financial arrangements
for the payment or waiver of the clerk’s fee, and we will grant that request in accordance
with the following orders.
          Therefore, we abate this appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to
determine the following: 
          1.      whether Appellant desires to prosecute this appeal; and
2.whether Appellant has paid the clerk’s fee, made satisfactory
arrangements for the payment of the clerk’s fee, or is entitled to
appeal without paying the fee.
 
          On or before August 31, 2009, the trial court shall enter an order containing findings
of fact and conclusions of law addressing those issues. In addition, upon the filing of that
order, the trial court shall cause a copy thereof to be mailed to this court. Should the trial
court determine that Appellant does want to continue the appeal, the trial court shall take
such action as is necessary to ensure that the clerk’s record in this cause is filed on or
before September 7, 2009. 
          In the event the clerk’s record is not filed by that date, the trial court is directed to
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the status of the record. On or before September 21, 2009, the trial court shall
enter an order containing findings of fact and conclusions of law addressing that issue. In
addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed
to this Court. 
          It is so ordered.
Per Curiam
 
 
 
Do not publish.